KAUFFMAN ENGINEERING CO. et al. v. SODEMANN HEAT & POWER CO.*

SODEMANN HEAT & POWER CO. v. KAUFFMAN ENGINEERING CO. et al.

(Circuit Court of Appeals, Eighth Circuit. August 9, 1926.)

Nos. 7023, 7026.

1. Patents ⬥328.

Sodemann patent, No. 1,358,994, claim 2, for radiator shield, *held* valid and infringed.

2. Patents ⬥328.

Sodemann patent, No. 1,358,995, for radiator shield, *held* invalid for lack of invention, but, if valid, not infringed.

3. Patents ⬥328.

Sodemann patent, No. 1,187,668, claim 1, for radiator shield, *held* not infringed.

*Rehearing denied October 18, 1926.

Appeal from the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Patent infringement suits by the Sodemann Heat & Power Company against the Kauffman Engineering Company and another. From a decree for plaintiff as to a certain patent, and for defendants as to other patents, both parties appeal. Affirmed.

Arthur C. Eckert, of St. Louis, Mo., for plaintiff.

John H. Bruninga, of St. Louis, Mo., for defendant.

Before SANBORN and LEWIS, Circuit Judges, and PHILLIPS, District Judge.

WALTER H. SANBORN, Circuit Judge. This case presents the question of the validity and infringement of claim 2 of letters patent No. 1,358,994, issued to Christian W. G. Sodemann, November 16, 1920, the single claim of patent No. 1,358,995, issued to Mr. Sodemann on the same day, and claim 1 of patent No. 1,187,668, issued to Mr. Sodemann on June 20, 1916. Each of these patents is for new and alleged useful improvements in radiator shields.

[1] Claim 2 of patent No. 1,358,994 reads:

"2. The dust collecting shield for radiators comprising two end brackets having inwardly projecting vertical and horizontal flanges, a metallic skirt mounted within the vertical flanges and on top of the horizontal flanges, a superstructure seated on the top of the horizontal portion of said skirt, and a dust-collecting trough pivotally mounted between said brackets and having its outer edge held normally and yieldingly in contact with the lower face of said superstructure."

The court below held this claim valid and infringed. The new and useful element in the combination here patented is the metallic skirt, which does not appear in the patents pleaded as anticipations in the efficient relation to the other elements of the combination described here by Sodemann, nor does it appear from the record that the combination disclosed by this claim was ever known or used before Mr. Sodemann's alleged invention of it and application for a patent to it. It is clear that the defendant has appropriated and used this combination without other substantial change than that it supports the horizontal part of its skirt on the under side, while Sodemann's patent shows it supported on the upper side of the horizontal part of the shield. That slight change enabled the defendant to use the

principle and secure the result of plaintiff's patented combination, but, in our opinion, it did not enable it to avoid its infringement. The Examiner in the Patent Office sustained the validity of this claim; the court below held the patent of it valid and infringed. The alleged anticipations and the other evidence presented by the record and the arguments and briefs of counsel have failed to convince that there was any mistake or error in these conclusions, and they must be affirmed.

[2] The claim of Mr. Sodemann's patent No. 1,358,995 is:

"A top for radiator shields comprising a two-faced frame, an inwardly projecting flange within said frame and nearer one face of the frame than to the other, a metallic plate conformed to fill the shallow side of said frame, and a slab conformed to fill the deeper side of said frame when mounted therein and above said metallic plate."

In his specification he writes that the object of his device is "to provide a reversible top so constructed as to accommodate a plain metallic top plate when in one position, and, when reversed, an opaque slab of nonmetallic material or a transparent slab with an underlying ornamental fabric." The District Court was of the opinion that this patent was invalid, and that, if valid, it was not infringed by the defendant. It is a patent for a combination of old mechanical elements, and the primary question is: Did the combination disclosed by this claim of Sodemann evidence invention? Given a want, a desire for the result produced by it, was its conception and manufacture beyond the ability of a mechanic skilled in the art?

The application for this patent was filed September 17, 1918. Patent No. 1,170,544 to Kauffman, dated February 8, 1916, on an application filed May 3, 1915, had disclosed a lithic top for a radiator shield resting on flanges and firmly fastened in its place. The conception and manufacture of a simple frame or box to hold an opaque or transparent slab, an inwardly projecting flange therein at a distance from its top equal to the thickness of the slab, another slab of sufficient thickness to fill the space between the flange and the foot of the frame or box, the construction of these slabs of different material, such as metal, wood, glass, or other like substances, and the making of the frame and each of the slabs so that it could be reversed at will, seem to us to be simple and easy tasks, far within the skillfulness of the ordinary mechanic, as does also the combination of the old elements described and claimed by Mr. Sodemann in this patent as his invention. Nor are we persuaded that, if this were a valid patent, the defendant infringed it. It did not claim the distinguishing feature of Sodemann's combination—reversibility—nor did it tend to accomplish the object which Sodemann declared in his specification he made his combination to attain—"to provide a reversible top so constructed as to accommodate a plain metallic top plate when in one position, and, when reversed, an opaque slab of nonmetallic material or a transparent slab with an underlying ornamental fabric." The findings and decree of the court below with reference to this patent are sustained by the more persuasive reasons and by the weight of the evidence, and it must be affirmed.

[3] Claim 1 of patent No. 1,187,668 reads:

"1. In a dust-collecting shield for radiators, the combination of a deflector, a trough pivotally mounted in the top of the deflector, a flat spring mounted on the inner side of the deflector, and a bar mounted in said trough and contoured at its rear end to have contact with said spring and by engagement with said spring to hold the trough in open or closed position."

The court below held that this claim was not infringed because its distinguishing feature and object was to secure to the patentee the spring device it disclosed for moving the trough to, and holding it open or closed whenever it was placed in, either of those positions. The prior art disclosed devices to move dust troughs to and hold them in one of these positions by the use of a spring, but none to move them to and hold them in each of these positions by the use of the same spring. The defendant had not used in or in connection with its shield and trough a spring by the use of which the trough could be moved to each of these positions and held in each of them, but had used one of the spring devices of the prior art. The opinion of the court below was that for this reason the defendant did not infringe this claim of Sodemann's patent. Counsel for the plaintiff, however, argues that the court below was in error here, because the claim under consideration, which reads in part, "and a bar mounted in said trough and contoured at its rear end to have contact with said spring, and by engagement with said spring to hold the trough in open or closed position," does not say, "open and closed position," and that therefore the defendant infringes, although its spring device fails to open and hold open, and also to close and hold closed, its dust trough.

This contention has not proved persuasive, and when the claim is read and construed with that part of the specification which describes the action of the spring, as it must be, it becomes untenable. The specification shows that the spring which moves and holds the trough fast when it is open and when it is closed is actuated by the finger catch 7. Mr. Sodemann in his specification describes the use of this spring in this way: "When it is desired to remove the dust particles so accumulated in the trough 8, the trough is depressed by the pressure exerted on the finger catch 7, so as to be thrown into the position indicated by dotted lines in Fig. 2, the bearing surface 9 being in contact with the face of the flat spring 11. The dust having been removed, the trough 8 is pulled slightly outward by pressure on the under side of the finger catch 7, when the pressure of the spring 11 will thrust it into its closed position, illustrated in Fig. 2, and hold it there."

We have no doubt that the true construction of this claim limits it to a device or combination that by the use of the spring described in the specification of the patent, or its mechanical equivalent, is effective to open and hold open, and also to close and hold closed, the dust trough of the shield, and that the defendant has not infringed that claim.

Let the decree below be in all things affirmed.